

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00509-CR

Elizabeth Ann **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR9024B
Honorable Jefferson Moore, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:        Beth Watkins, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: April 14, 2021

AFFIRMED

Elizabeth Ann Martinez appeals her convictions for compelling prostitution and aggravated promotion of prostitution. Martinez's sole issue is that she received ineffective assistance of trial counsel. We affirm.

## PROCEDURAL BACKGROUND

In a multi-count indictment, Martinez was charged with continuous trafficking of a child, compelling prostitution, and aggravated promotion of prostitution. "Amy," a pseudonym used under section 57.02 of the Texas Code of Criminal Procedure, was the alleged victim in each count.

Martinez pled not guilty. At trial, after hearing the evidence, the jury found Martinez not guilty of the continuous trafficking of a child count, but guilty of compelling prostitution and aggravated promotion of prostitution. For the latter two offenses, the jury assessed punishment at forty years in prison and ten years in prison, respectively. Martinez appeals and argues ineffective assistance of trial counsel.

### INEFFECTIVE ASSISTANCE OF COUNSEL

A defendant is entitled to effective assistance of counsel under the United States and the Texas Constitutions. U.S. CONST. amend. VI; TEX. CONST. art I, § 10. To establish ineffective assistance of counsel, the appellant must show: (1) that trial counsel's assistance fell below an objective professional standard of reasonableness and (2) that counsel's actions prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Concisely outlined in *Vega*, a defendant must demonstrate deficient performance and prejudice. *Vega v. State*, 610 S.W.3d 79, 82 (Tex. App.—San Antonio 2020, no pet.). "An appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Id.* (quotation marks omitted).

"To establish deficient performance, an appellant must show counsel's assistance fell below an objective standard of reasonableness." *Id.* (quotation marks omitted). "An appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* (quotation marks omitted). "[T]hat is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation marks omitted). "To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quotation marks omitted). "If no reasonable trial strategy can justify counsel's choices or conduct, performance

necessarily falls below an objective standard of reasonableness." *Id.* "However, few cases demonstrate such deficiency on direct appeal because the record is unlikely to include any explanation by trial counsel, and we can [frequently] conceive potential reasonable trial strategies that counsel could have been pursuing." *Id.* at 82–83 (quotation marks omitted).

"Once an appellant establishes deficient performance, the appellant must then establish prejudice." *Id.* at 83. "An appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quotation marks omitted).

Martinez raises several allegations of deficient performance; specifically, trial counsel: (1) failed to request an accomplice witness instruction; (2) failed to identify certain witnesses as accomplices as a matter of law; (3) lacked competent knowledge of the accomplice-witness rule; (4) lacked competency regarding the causation element of compelling prostitution; (5) failed to request a lesser-included-offense instruction of prostitution and an instruction on "concurrence causation"; and (6) did not advise Martinez adequately of the consequences of her decision to testify. Martinez argues trial counsel's cumulative deficiencies were prejudicial. We briefly detail relevant factual background to contextualize Martinez's allegations and then address these allegations by subject matter.

## A. Relevant Factual Background

The evidence at trial showed the following relevant facts. In March 2016, Amy, who was sixteen years old at the time, ran away from home and was suffering from drug addiction. After she ran away, Amy met Martinez. Martinez regularly engaged in prostitution and worked with several other individuals who were actively working in prostitution or soliciting clients, including one named Keebo Hullaby. Martinez would direct Hullaby to post ads online to solicit prostitution

clients for Martinez and others with whom Martinez worked. The evidence also showed Martinez gave Amy drugs, helped her rent hotel rooms, and secured prostitution clients for Amy. Several witnesses testified during trial, including Amy, Amy's mother, Hullaby, and several law enforcement officers. Martinez testified in her own defense.

### 1. *Accomplice Witness Issues*

Martinez argues trial counsel performed deficiently by not requesting an accomplice witness instruction because Amy and Hullaby were Martinez's accomplices. Martinez contends that because trial counsel did not request an accomplice witness instruction, or object to the absence of such an instruction, her burden on appeal is heightened to show the omission of the instruction caused egregious harm, as opposed to some harm. In parts of her argument, Martinez argues the trial court should have *sua sponte* instructed the jury on the accomplice witness rule.

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." *State v. Ambrose*, 487 S.W.3d 587, 593 (Tex. Crim. App. 2016) (quotation marks omitted). "Therefore, if an accomplice to the offense testifies for the State, the accomplice's testimony must be corroborated by non-accomplice evidence that tends to connect the accused to the offense." *Id.* (quotation marks omitted). "Such evidence may be either direct or circumstantial." *Id.* For charge error, "the degree of harm required for reversal depends on whether the error was preserved in the trial court." *Id.* at 594. "Where, as here, the defendant did not raise a timely objection to the jury instructions, reversal is required only if the error was fundamental in the sense that it was so egregious and created such harm that the defendant was deprived of a fair and impartial trial." *Id.* (citation omitted). Ultimately, "the appropriate focus of a harm analysis in this case is to examine the non-accomplice evidence for corroboration tending to connect [the defendant] to the commission of the offense." *Id.* at 598.

Corroborating evidence is not required to connect the defendant to every element of the offense. *See id.* Such corroborating evidence may be supplied by the defendant's testimony at trial. *See id.* (relying on the defendant's trial testimony to provide the minimal level of corroboration necessary under the accomplice witness rule).

Assuming without deciding that Amy and Hullaby were Martinez's accomplices, corroborating evidence from other sources was admitted during trial that tended to connect Martinez to the offense of compelling prostitution. Scott Apple, an investigator with the Criminal Investigation Division of the Department of Public Safety, testified he subpoenaed records from a now-shutdown website Backpage.com, which was typically used to advertise prostitution services. The subpoenaed records showed an account was registered using Martinez's email address, and the account had created several Backpage advertisements using photos of Amy to advertise sex for money. When testifying in her defense, Martinez stated she was working as a prostitute when she first met Amy, which was in March 2016 over spring break. According to Martinez, she went to a hotel room where Amy was staying. Martinez confirmed that on that day, Martinez was engaging in prostitution and was made aware that Amy was engaging in prostitution, as well. When asked about her relationship with Amy, Martinez testified:

> You know, we exchanged phone numbers then. It's very lonely in that business. You know, it helps us get clients whenever we do have other females. It's never -- it's not like what you guys think it is. It's not, you know, a pimp and hoes. It's not an organization. It's just people surviving.

Beyond that initial contact, a relationship developed between Martinez and Amy. Martinez stated Amy occasionally gave her money, which Martinez in turn gave to her children. According to Martinez, when she learned of Amy's age, she discouraged Amy from engaging in prostitution and, as a result, Amy "went and got another girl down the hall to continue working." Under the

accomplice witness rule, corroborating evidence need not be sufficient, standing alone, to establish Martinez's guilt; it must merely tend to connect Martinez to the charged offenses. *See id.* at 593.

In the indictment, Martinez was charged as follows: "Elizabeth Martinez, did knowingly cause by any means Amy . . . a person younger than eighteen (18) years of age, to commit prostitution" (compelling prostitution), and "did knowingly control, supervise, and manage a prostitution enterprise that used at least two prostitutes." Testimony from witnesses who are not accomplices, including Apple and Martinez herself, shows Martinez met Amy when they were both, along with others, engaging in prostitution; Martinez advertised Amy for prostitution; Martinez knew Amy engaged in prostitution; and Martinez knew that Amy was a minor. Trial counsel did not request an accomplice witness instruction or object to its absence in the charge. We cannot say trial counsel lacked an objectively reasonable basis for his trial decisions nor did it prejudice Amy. On the contrary, we hold that the evidence strongly tends to connect Martinez to the charged offense.[1]

### 2. Closing Argument Regarding Causation

Martinez argues trial counsel's closing arguments as to the causation element of the offense of compelling prostitution were legally incorrect. Texas Penal Code section 43.05 provides compelling prostitution may occur in two ways: "A person commits an offense [of compelling prostitution] if the person knowingly: (1) causes another by force, threat, coercion, or fraud to commit prostitution; or (2) causes by any means a child younger than 18 years to commit prostitution, regardless of whether the actor knows the age of the child at the time of the offense." TEX. PENAL CODE § 43.05. Martinez complains of the following closing arguments of trial counsel:

---

[1] To the extent Martinez argues the trial court erred by not including such an instruction, independent from her ineffective assistance of counsel claims, we hold the strength of the corroborating evidence and other parts of the record shows Martinez did not suffer any harm under either the "some harm" or "egregious harm" standards.

> Compelling prostitution, the term "cause." Did she cause her to do these things? She did not. Neither Amy's testimony, nor Hullaby's testimony, nor Elizabeth's testimony say anything about Elizabeth causing this young wom[a]n to choose the thing she was doing. Yes, she's a minor. She doesn't have the right to make decisions, but she did. She did it repeatedly, again and again in different environments. . . . Okay, [t]he coarsest type of causing a person is force, injury, threats. Amy, herself, said there was never any force used, no injury, no hitting. So, we don't have that on the table.

Martinez argues trial counsel misunderstood the causation element because these arguments show trial counsel believed force and other coercion was necessary.

Under the compelling prostitution statute, if a child is involved in prostitution, a defendant may commit an offense by causing the child to do so "by any means," which can include by force, threat, coercion, or fraud. *See id.* Trial counsel's argument correctly acknowledged force, threats, coercion, and fraud are means by which a person could be convicted of compelling prostitution of a child, but there was no evidence of those "coarsest type[s]" of coercion. *See id.* Trial counsel's closing argument proceeded to argue Martinez's conduct did not, in any other way, cause Amy to engage in prostitution because Amy was never acting in response to Martinez's conduct, but on her own volition. The record does not support Martinez's claim that trial counsel's closing arguments regarding the causation element were legally incorrect. *See Vega*, 610 S.W.3d at 82.

### 3. Lesser-Included Offense of Prostitution

Martinez argues trial counsel performed deficiently by not requesting a lesser-included-offense instruction on prostitution, for the offense of compelling prostitution. "In order to establish counsel's performance was deficient for such failure, appellant must show that [s]he was entitled to an instruction on one of the lesser-included offenses." *Cardenas v. State*, 30 S.W.3d 384, 392 (Tex. Crim. App. 2000). To establish entitlement to a lesser-included-offense instruction on prostitution, an appellant must establish that: (1) the lesser offense of prostitution is a lesser-included offense of compelling prostitution; and "(2) there was evidence that, if guilty of an

offense, appellant was guilty only of the lesser-included offense." *Id.* However, "it is a reasonable trial strategy to decide to not request a charge on a lesser included offense." *Washington v. State*, 417 S.W.3d 713, 726 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The appellate record contains no explanation for trial counsel's failure to request a lesser-included-offense instruction on prostitution. The decision to not request a lesser included could have been strategic; thus, Martinez's claim of deficient performance is not firmly founded in the appellate record. *See id.*[2]

### 4. Failure to Advise Martinez On Her Decision to Testify

Lastly, Martinez also argues trial counsel inadequately advised her on her decision to testify. In support of her argument, Martinez identifies certain aspects of her testimony that are incriminating. She contends that had counsel adequately advised her before testifying, she would not have provided incriminating testimony. However, the record is silent as to whether trial counsel advised Martinez, the nature and content of any such advice, and whether Martinez followed or ignored counsel's advice when testifying. This claim of ineffective assistance is not firmly founded in the record. *See id.*

### CONCLUSION

Because Martinez has not shown any deficient performance of trial counsel that was prejudicial, we overrule Martinez's sole issue that she received ineffective assistance of counsel. Having overruled Martinez's sole issue on appeal, we affirm the judgments of conviction.

Lori I. Valenzuela, Justice

Do Not Publish

---

[2] To the extent Martinez complains the trial court erred not submitting a lesser-included-offense instruction on prostitution, the issue was not preserved for our review. *See Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010) (holding a trial court has no duty to sua sponte provided lesser-included-offense instructions).